

OCT 2 7 2009

1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FEDERAL TRADE COMMISSION and STATE OF NEVADA,

Plaintiffs,

v.

CASH TODAY, LTD., a United Kingdom corporation; THE HEATHMILL VILLAGE, LTD., a United Kingdom corporation; LEADS GLOBAL, INC., a Nevada corporation; WATERFRONT INVESTMENTS, INC., a Nevada corporation; ACH CASH, INC., a Nevada corporation; HBS SERVICES, INC., a Nevada corporation; LOTUS LEADS, INC., a Delaware corporation [now dissolved]; ROVINGE INTERNATIONAL, INC., a Nevada corporation; FIRST4LEADS, INC., a Delaware corporation [now dissolved]; and THE HARRIS HOLDINGS, LTD., a Guernsey corporation, each also doing business as Cash Today, Route 66 Funding, Global Financial Services International, Ltd., Interim Cash, Ltd., and BIG-INT, Ltd.; AARON GERSHFIELD, individually and as a director and officer of Cash Today, Ltd., The Heathmill Village, Ltd., and The Harris Holdings, Ltd.; IVOR GERSHFIELD, individually and as an officer and/or director of Cash Today, Ltd. and The Harris Holdings, Ltd., and JIM HARRIS, individually and as an officer and director of Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc., HBS Services, Inc., and Rovinge International, Inc.,

Defendants.

Case No.
3:08-CV-590-RCJ-VPC

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO ALL CORPORATE DEFENDANTS, AARON GERSHFIELD, AND IVOR GERSHFIELD**

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

This matter comes before the Court on the stipulation of Plaintiffs, Federal Trade Commission ("Commission" or "FTC"), and the State of Nevada ("Nevada"), and Defendants Cash Today, Ltd., The Heathmill Village, Ltd., The Harris Holdings, Ltd., Aaron Gershfield, Ivor Gershfield (hereafter "Non-U.S. Defendants"); Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc., HBS Services, Inc., Lotus Leads, Inc. [now dissolved], Rovinge International, Inc., and First4Leads, Inc. [now dissolved] (hereafter "U.S. Defendants").

On November 6, 2008, Plaintiffs jointly filed a Complaint for Injunctive and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, and Chapter 598 of the Nevada Revised Statutes, charging that Defendants Cash Today, Ltd., The Heathmill Village, Ltd., Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc., HBS Services, Inc., Lotus Leads, Inc., Rovinge International, Inc., First4Leads, Inc., The Harris Holdings, Ltd., Aaron Gershfield, Ivor Gershfield, and Jim Harris engaged in violations of Section 5 of the FTC Act, 15 U.S.C. § 45, TILA, 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226, and Chapter 598 of the Nevada Revised Statutes, in connection with their extension and collection of payday loans to consumers in the United States. On January 6, 2009, the Court entered a stipulated preliminary injunction against the U.S. corporate Defendants and, on January 12, 2009, the Court entered a stipulated preliminary injunction against Defendant Jim Harris.

Now Plaintiffs and Defendants Cash Today, Ltd., The Heathmill Village, Ltd., Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc., HBS Services, Inc., Lotus Leads, Inc. [now dissolved], Rovinge International, Inc., First4Leads, Inc. [now dissolved], The Harris Holdings, Ltd., Aaron Gershfield, and Ivor Gershfield (hereafter, collectively, "Defendants"), negotiating through their respective counsel, have agreed to settlement of this action and consent to entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") without a trial or adjudication of any issue of fact or law, and entry of this Order shall constitute a full, complete, and final settlement of all matters in dispute arising from the Complaint in this action to the date of entry of this Order. The parties further agree that entry of this Order in the docket

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

by the Court will constitute notice to them of the terms and conditions of the Order. Plaintiffs and Defendants, having requested the Court to enter this Order:

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS OF FACT**

1.     This Court has jurisdiction over the subject matter of this case and the parties hereto. The Non-U.S. Defendants do not contest jurisdiction, but only insofar as the finding of jurisdiction is applicable to this matter and the enforcement of this Order.

2.     The U.S. Defendants were properly served with the Complaint and Summons in this matter. The Non-U.S. Defendants do not contest service of process in this matter.

3.     The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b); the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, as amended, and its implementing Regulation Z, 12 C.F.R. § 226, as amended; and the deceptive trade provisions of the Nevada Revised Statutes, Chapter 598.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b), (c), and (d) and 15 U.S.C. § 53(b). The Non-U.S. Defendants do not contest that venue is proper in this case.

5.     Defendants are "creditors" who extend "closed-end credit" to consumers, as those terms are defined respectively in TILA and Regulation Z, 12 C.F.R. §§ 226.2(a)(10), (a)(17), and (a)(20).

6.     The activities of Defendants are "in or affecting commerce," as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.     Defendants have read and fully understand the Complaint against them and the provisions of this Order, and they enter into this Order freely and without coercion, and acknowledge that they understand the provisions of this Order and are prepared to abide by its terms.

8.     This Order is for settlement purposes only, and does not constitute and shall not be interpreted to constitute an admission by Defendants or a finding that the law has been violated as alleged in the Complaint, or that the facts alleged in the Complaint, other than the jurisdictional facts, are true.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

9.    Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.

10.    Defendants waive any claim that they may hold against the FTC and Nevada, and their employees, representatives, or agents.

11.    Defendants waive any claim that they may hold under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended* by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996) concerning the prosecution of this action to the date of this Order, and any rights to attorneys' fees that may arise under said provision of law.

12.    All parties shall bear their own costs and attorneys' fees.

13.    This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture.

14.    This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

15.    Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.    **"Closed-end credit"** means consumer credit other than open-end credit, and "open-end credit" means "consumer credit extended by a creditor under a plan in which: (i) the creditor reasonably contemplates repeated transactions; (ii) the creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) the amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid." 12 C.F.R. §§ 226.2(a)(10) and (a)(20).

2.    **"Collection of debts"** means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

3.    **"Consumer"** means an actual or potential purchaser, customer, or borrower.

4.    **"Corporate Defendants"** means Cash Today, Ltd., The Heathmill Village, Ltd., Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc., HBS Services, Inc., Lotus Leads,

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

Case 3:08-cv-00590-RCJ-VPC   Document 81   Filed 09/17/2009   Page 5 of 22

1  Inc., Rovinge International, Inc., First4Leads, Inc., and The Harris Holdings, Ltd., and their

2  successors and assigns.

3  5.      **"Clearly and Conspicuously"** means:

4          a.      if presented in writing, the information shall be in a type size and location

5                  sufficient for an ordinary consumer to read and comprehend it, and shall be

6                  disclosed in a manner that would be easily recognizable and understandable in

7                  language and syntax to an ordinary consumer. If the information is contained in a

8                  multi-page print document, the disclosure shall appear on the first page;

9          b.      if presented orally, the information shall be disclosed in a volume, cadence, and

10                 syntax sufficient for an ordinary consumer to hear and comprehend; and

11         c.      nothing contrary to any information disclosed shall be imparted at or near the time

12                 of disclosure. Further, a subsequent disclosure made orally or in writing only

13                 limits or qualifies a prior disclosure and cannot cure a false claim.

14  6.      **"Creditor"** means a person who regularly extends consumer credit that is subject to a

15  finance charge or is payable by written agreement in more than four installments (not including a

16  down payment), and to whom the obligation is initially payable, either on the face of the note or

17  contract, or by agreement when there is no contract.  12 C.F.R. §226.2 (a)(17).

18  7.      **"Defendants"** means the Corporate Defendants and Individual Defendants, individually,

19  collectively, or in any combination.

20  8.      **"Debt"** means any obligation or alleged obligation of a consumer to pay money arising

21  out of a transaction in which the money, property, or services that are the subject of the

22  transaction are primarily for personal, family, or household purposes, whether or not such

23  obligation has been reduced to judgment.

24  9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the term in

25  Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts,

26  photographs, audio and video recordings, computer records, and other data compilations from

27  which information can be obtained and translated, if necessary, through detection devices into

28  reasonably usable form.  A draft or non-identical copy is a separate document within the meaning

of the term.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  10.  **"Individual Defendants"** means Aaron Gershfield, Ivor Gershfield, and each of them, by

2  whatever names each might be known.

3  11.  **"Person"** means any individual, group, unincorporated association, limited or general

4  partnership, corporation, or other business entity.

5  12.  **"Regulation Z"** means the regulation the Federal Reserve Board ("FRB") promulgated to

6  implement TILA, 12 C.F.R. Part 226, as currently promulgated or as it may hereafter be

7  amended. The term also includes the FRB Official Staff Commentary on Regulation Z, 12 C.F.R.

8  Part 226, Supp. 1, as currently promulgated or as it may hereafter be amended. The terms

9  "annual percentage rate," "consumer credit," and "finance charge" are defined as set forth in

10  Sections 226.2, 226.4, and 226.22 of Regulation Z, 12 C.F.R. §§ 226.2, 226.4, and 226.22.

11  13.  **"Third Party"** means any person or entity that is not a consumer including, but not

12  limited to, any parent of a non-minor consumer, or any child, relative, neighbor, coworker, or

13  employer of a consumer.

14               **ORDER**

15    **I.**    **Prohibition Against Deceptive Collection Practices**

16    **IT IS THEREFORE ORDERED** that, in connection with the collection of a debt from

17  any consumer, Defendants, and their officers, agents, servants, employees, and attorneys, and all

18  other persons in active concert or participation with them who receive actual notice of this Order

19  by personal service or otherwise, whether acting directly or through any corporation, subsidiary,

20  division, or other device, are hereby permanently restrained and enjoined from making any

21  misrepresentation to any consumer or third party in violation of Section 5(a) of the FTC Act,

22  including but not limited to misrepresenting that:

23        A.    Consumers can be arrested or imprisoned for failing to pay a debt to the

24        Defendants;

25        B.    Consumers have a legal obligation to pay the Defendants the full amount

26        the Defendants claim they are owed; and

27        C.    If consumers do not pay the Defendants, the Defendants will or can take

28        formal legal action against consumers, including but not limited to, filing suit,

               seizing or attaching property, or garnishing wages.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

Case 3:08-cv-00590-RCJ-VPC    Document 81    Filed 09/17/2009    Page 7 of 22

## II.    Prohibition Against Unfair Collection Practices

**IT IS FURTHER ORDERED** that in connection with the collection of a debt from any consumer, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from engaging in any unfair act or practice in violation of Section 5(a) of the FTC Act, including but not limited to:

> A.    Continuously and repeatedly calling consumers and third parties at consumers' places of employment;

> B.    Using obscene, profane, threatening, or otherwise abusive language towards consumers and third parties; and

> C.    Disclosing the existence of consumers' purported debts to coworkers, employers, and other third parties.

## III.    Prohibition Against Violations of the Truth In Lending Act and Regulation Z

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from:

> A.    In the course of extending closed-end credit to consumers, failing to make the required TILA disclosures, clearly and conspicuously in writing, in a form that consumers can keep, before consummating a consumer credit transaction, including failing to disclose the amount financed, itemization of the amount financed, the finance charge, the annual percentage rate, the payment schedule, the total of payments, and any late payment fees, in violation of Sections 121 and 128 of TILA, 15 U.S.C. §§ 1631 and 1638, as amended, and Sections 226.17(a)(1), (b) and 226.18 (b)-(e), (g)-(h), and (l) of Regulation Z, 12 C.F.R. §§ 226.17(a)(1), (b) and 226.18 (b)-(e), (g)-(h), and (l), as amended; and

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1        B.      Failing in any other manner to meet the requirements of TILA, 15 U.S.C.

2                §§ 1601-1666j, as amended, and its implementing Regulation Z, 12 C.F.R. § 226,

3                as amended, and the Regulation Z Commentary, 12 C.F.R. § 226, Supp. 1, as

4                amended.

5    **IV.    Prohibition Against Violations of Nevada State Laws**

6        **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

7    employees, and attorneys, and all other persons in active concert or participation with them who

8    receive actual notice of this Order by personal service or otherwise, whether acting directly or

9    through any corporation, subsidiary, division, or other device, are hereby permanently restrained

10   and enjoined from violating any provision of Chapter 598 of the Nevada Revised Statutes and, in

11   particular, when conducting business from the State of Nevada or when engaging in the sale of

12   goods or services to Nevada residents, permanently restrained and enjoined from failing to:

13       A.      Obtain all required state, county or city licenses for doing business in

14               Nevada, in compliance with NRS 598.0923(1);

15       B.      Provide notice and disclosure of all material facts, in compliance with

16               NRS 598.0923(2); and

17       C.      Comply with all state and federal statutes and regulations relating to the

18               sale of goods or services, in compliance with NRS 598.0923(3).

19   **V.    Additional Disclosures and Other Requirements**

20       **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

21   employees, and attorneys, and all other persons in active concert or participation with them who

22   receive actual notice of this Order by personal service or otherwise, whether acting directly or

23   through any corporation, subsidiary, division, or other device, are hereby permanently restrained

24   and enjoined from failing to:

25       A.      In the course of extending credit to consumers, disclose, clearly and

26               conspicuously in writing, in a form that consumers can keep, and before

27               consummating a consumer credit transaction, the following:

28           1.      The material terms of the transaction, including the disclosures

                     required by Section III herein, the interest rate, and a repayment schedule

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

showing the dates upon which consumers' bank accounts will be debited for payment, if applicable;

2. Penalties for late or non-payment, including an itemization of all associated fees and charges; and

3. A statement that payday loans may be limited or prohibited in some states; and

B. Obtain written confirmation from consumers for each consumer credit transaction acknowledging that the consumer has received the required disclosures in Subsection V.A before consummating the consumer credit transaction, and such written confirmation may be delivered via electronic mail or facsimile; and

C. When collecting a debt from consumers, provide consumers, upon oral or written request, no less often than 30 days after any previous request for the same information, a written itemization of amounts paid and amounts due, including a separate written itemization for fees paid and fees due, which may be in the form of a statement delivered to consumers via electronic mail or facsimile.

## VI. Employee Monitoring by Defendants

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with extending consumer credit and collecting debts, are hereby permanently restrained and enjoined from:

A. Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in marketing or extending consumer credit, the collection of debts, or other customer service functions, comply with Sections I through V of this Order. Such steps shall include adequate monitoring of calls with customers, and shall also include, at a minimum, the following: (1) listening to oral representations made by persons engaged in marketing or extending consumer loans and/or the collection of debts, or other customer service functions; (2) providing a customer response center available by

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    toll-free number or by email that will receive and respond to customer complaints

2    and inquiries within a reasonable and specified time period; and (3) ascertaining

3    the number and nature of customer complaints regarding transactions in which

4    each employee or independent contractor is involved; *provided* that this Section

5    does not authorize or require Defendants to take any steps that violate any federal,

6    state, or local law;

7    B.    Failing to investigate promptly and fully any customer complaint received

8    by any business to which this Section applies; and

9    C.    Failing to take corrective action with respect to any marketing person or

10    debt collector whom Defendants determine is not complying with this Order,

11    which may include training, disciplining, and/or terminating such person.

12    **VII. Monetary Judgment**

13    **IT IS FURTHER ORDERED** that:

14    A.    Judgment is entered against Defendants jointly and severally in the amount

15    of $ 1 million dollars ($1,000,000.00) (hereafter the "judgment amount"). Of the

16    funds collected pursuant to this Section, the Commission shall be paid $970,125.00,

17    and the State of Nevada shall be paid $ 29,875.00, to reimburse the fees and

18    expenses the State of Nevada expended in its investigation and litigation of this

19    matter. Judgment shall be paid to the Commission and the State of Nevada within

20    ten (10) days of entry of this Order.

21    B.    All funds paid to the Commission pursuant to this Section, other than the

22    funds paid to the State of Nevada, shall be deposited into a fund administered by

23    the Commission or its agent to be used for equitable relief, including but not limited

24    to consumer restitution and any attendant expenses for the administration of any

25    restitution fund. If the Commission determines in its sole discretion that restitution

26    to consumers is wholly or partially impracticable or funds remain after restitution is

27    completed, the Commission may apply any remaining funds for such other

28    equitable relief, including consumer information remedies, as it determines to be

reasonably related to the Defendants' practices alleged in the Complaint. Any

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   funds not used for such equitable relief shall be deposited in the United States

2   Treasury as disgorgement. Defendants shall have no right to challenge the

3   Commission's choice of remedies under this Section.

4       C.    If Defendants fail to pay the Commission or the State of Nevada the

5   judgment amount as set forth above, interest computed at the rate prescribed under

6   28 U.S.C. § 1961, as amended, shall immediately begin to accrue·on the unpaid

7   balance.

8       D.    In accordance with 31 U.S.C. § 7701, each Defendant is hereby required,

9   unless that Defendant has done so already, to furnish to the Commission and the

10   State of Nevada the Defendant's taxpayer identifying number (social security

11   number or employer identification number), which shall be used·for purposes of

12   collecting and reporting on any delinquent amount arising out of·that Defendant's

13   relationship with the federal government and the State of Nevada.

14       E.    Defendants relinquish all dominion, control, and title to the funds paid to the

15   fullest extent permitted by law. Defendants shall make no claim to or demand

16   return of the funds. directly or indirectly, through counsel or otherwise.

17       F.    Defendants agree that the facts as alleged in the Complaint filed in this

18   action shall be taken as true without further proof in any bankruptcy case or

19   subsequent civil litigation pursued by the Commission or the State of Nevada to

20   enforce their rights to any payment or money judgment pursuant to this Order,

21   including but not limited to a nondischargeability complaint in any bankruptcy

22   case. Defendants further stipulate and agree that the facts alleged in the Complaint

23   establish all elements necessary to sustain an action pursuant to, and that this Order

24   shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the

25   Bankruptcy Code, 11 U.S. C. § 523(a)(2)(A).

26   **VIII.  Compliance Monitoring**

27       **IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

28   compliance with any provision of this Order:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 11

A.   Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation.

B.   In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2.   posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.   Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX.   Compliance Reporting

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.   For a period of three (3) years from the date of entry of this Order,

1.   Each Individual Defendant shall notify the Commission of the following:

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 12

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

a.    Any changes in such Individual Defendant's residence,

mailing addresses, and telephone numbers, within ten (10) days of the

date of such change;

b.    Any changes in such Individual Defendant's employment

status (including self-employment), and any change in such

Individual Defendant's ownership in any business entity, within ten

(10) days of the date of such change. Such notice shall include the

name and address of each business that such Individual Defendant is

affiliated with, employed by, creates or forms, or performs services

for; a detailed description of the nature of the business; and a detailed

description of such Individual Defendant's duties and responsibilities

in connection with the business or employment; and

c.    Any changes in such Individual Defendant's name or use of

any aliases or fictitious names.

2.    Defendants shall notify the Commission of any changes in structure

of any Corporate Defendant or any business entity that any Defendant

directly or indirectly controls, or has an ownership interest in, that may affect

compliance obligations arising under this Order, including but not limited to:

incorporation or other organization; a dissolution, assignment, sale, merger,

or other action; the creation or dissolution of a subsidiary, parent, or affiliate

that engages in any acts or practices subject to this Order; or a change in the

business name or address, at least thirty (30) days prior to such change,

*provided* that, with respect to any proposed change in the business entity

about which a Defendant learns less than thirty (30) days prior to the date

such action is to take place, such Defendant shall notify the Commission as

soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and

annually thereafter for a period of three (3) years, Defendants each shall provide a

written report to the FTC, which is true and accurate and sworn to under penalty of

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    perjury, setting forth in detail the manner and form in which they have complied and

2    are complying with this Order.  This report shall include, but not be limited to:

3         1.   For each Individual Defendant:

4              a.   such Individual Defendant's then-current residence address,

5                   mailing addresses, and telephone numbers;

6              b.   such Individual Defendant's then-current employment status

7                   (including self-employment), including the name, addresses, and

8                   telephone numbers of each business that such Individual Defendant is

9                   affiliated with, employed by, or performs services for; a detailed

10                  description of the nature of the business; and a detailed description of

11                  such Individual Defendant's duties and responsibilities in connection

12                  with the business or employment; and

13             c.   Any other changes required to be reported under Subsection A

14                  of this Section.

15        2.   For all Defendants:

16             a.   A copy of each acknowledgment of receipt of this Order,

17                  obtained pursuant to the Section titled "Distribution of Order;" and

18             b.   Any other changes required to be reported under Subsection A

19                  of this Section.

20   C.   Each Defendant shall notify the Commission of the filing of a bankruptcy

21   petition by such Defendant within fifteen (15) days of filing.

22   D.   For the purposes of this Order, Defendants shall, unless otherwise directed

23   by the Commission's authorized representatives, send by overnight courier all

24   reports and notifications required by this Order to the Commission, to the following

25   address:

26             Associate Director for Enforcement
               Federal Trade Commission
27             600 Pennsylvania Avenue, N.W., Room NJ-2122
               Washington, D.C. 20580
28             RE: *FTC v. Cash Today, et al.*

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at:

DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant. Where notice to Defendants and/or their counsel is required, such notice shall be provided to:

> [Name of Defendant]
> c/o John DeQ. Briggs
> Axinn Veltrop & Harkrider
> 1330 Connecticut Avenue, N.W.
> Washington, D.C. 20030
> Jdb@avhlaw.com
> (202) 721-5400

*Provided however*, nothing in this provision shall limit the Commission's authority to pose as a consumer or supplier pursuant to Subsection B.2 of the Section titled "Compliance Monitoring."

**X.      Record Keeping Provisions**

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, in connection with the extension of consumer credit and the collection of a debt from any consumer, Defendants, and their agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create, retain, and secure as necessary the following records:

A.      Accounting records that reflect the monies loaned and collected, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 15

person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, amount of monies loaned and collected, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials, including copies of Internet web sites and email solicitations; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## XI.    Distribution of Order

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    Corporate Defendant: Each Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

B.    Individual Defendant as control person: For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.    Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

**XII.    Acknowledgment of Receipt of Order**

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 08174
(206) 220-6350

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 17

## XIII.   Retention of Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED** this **27** day of **OCTOBER**, 2009.

THE HONORABLE ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

**SO AGREED AND STIPULATED:**

**FOR PLAINTIFFS:**

s/Nadine S. Samter
NADINE S. SAMTER
JULIE K. MAYER
915 Second Avenue Suite 2896
Seattle, WA 98174

Attorneys for Plaintiff Federal Trade Commission

CATHERINE CORTEZ MASTO
Attorney General of Nevada

s/John R. McGlamery
By: JOHN R. MCGLAMERY
Senior Deputy Attorney General
Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701

Attorney for Plaintiff State of Nevada

**FOR DEFENDANTS:**

By: JIM HARRIS, President
Leads Global, Inc., Waterfront Investments, Inc.,
ACH Cash, Inc., HBS Services, Inc., and
Rovinge International, Inc.

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 18

1

2

3

DANIEL G. BOGDEN
KIMBERLY H. ALBRO
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501

Attorneys for Defendant Jim Harris

AARON GERSHFIELD individually

IVOR GERSHFIELD individually and as a
director, officer, or controlling person of Cash
Today, Ltd.; The Heathmill Village,
Ltd.; and the Harris Holdings, Ltd.

JOHN DeQ. BRIGGS
ROBERT GREENBAUM
Axinn, Veltrop & Harkrider LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Steve L. Morris, Esq.
Morris Peterson
6100 Neil Road, Suite 555
Reno, NV 89511

Attorneys for Defendants Cash Today, Ltd., The Heathmill Village, Ltd.,
Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc.,
HBS Services, Inc., Lotus Leads, Inc., Rovinge International, Inc.,
First4Leads, Inc., The Harris Holdings, Ltd., Aaron Gershfield, and Ivor Gershfield

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

**XIII.   Retention of Jurisdiction**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED this _____ day of _____, 2009.

_____
THE HONORABLE BRIAN E. SANDOVAL
UNITED STATES DISTRICT JUDGE

**SO AGREED AND STIPULATED:**

**FOR PLAINTIFFS:**

_____
NADINE S. SAMTER
JULIE K. MAYER
915 Second Avenue Suite 2896
Seattle, WA 98174

Attorneys for Plaintiff Federal Trade Commission

CATHERINE CORTEZ MASTO
Attorney General of Nevada

_____
By: JOHN R. MCGLAMERY
Senior Deputy Attorney General
Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701

Attorney for Plaintiff State of Nevada

**FOR DEFENDANTS:**

_____
By: JIM HARRIS, President
Leads Global, Inc., Waterfront Investments, Inc.,
ACH Cash, Inc., HBS Services, Inc., and
Rovinge International, Inc.

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 18

1

2   *Daniel G. Bogden*

3   _____
    DANIEL G. BOGDEN
4   KIMBERLY H. ALBRO
    McDonald Carano Wilson LLP
5   100 West Liberty Street, 10th Floor
    Reno, NV 89501
6
    Attorneys for Defendant Jim Harris
7

8
    _____
9   AARON GERSHFIELD individually

10

11
    _____
12  IVOR GERSHFIELD individually and as a
    director, officer, or controlling person of Cash
13  Today, Ltd.; The Heathmill Village,
    Ltd.; and the Harris Holdings, Ltd.

14

15

16  _____
    JOHN DeQ. BRIGGS
17  ROBERT GREENBAUM
    Axinn, Veltrop & Harkrider LLP
18  1330 Connecticut Avenue, N.W.
    Washington, DC 20036

19  Steve L. Morris, Esq.
    Morris Peterson
20  6100 Neil Road, Suite 555
    Reno, NV 89511

21

22  Attorneys for Defendants Cash Today, Ltd., The Heathmill Village, Ltd.,
    Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc.,
23  HBS Services, Inc., Lotus Leads, Inc., Rovinge International, Inc.,
    First4Leads, Inc., The Harris Holdings, Ltd., Aaron Gershfield, and Ivor Gershfield

24

25

26

27

28

Perm. Injunct. As To All Corporate Defendants and Gershfields - Page 19

1
2
3
4     DANIEL G. BOGDEN
      KIMBERLY H. ALBRO
5     McDonald Carano Wilson LLP
      100 West Liberty Street, 10th Floor
      Reno, NV 89501
6
      Attorneys for Defendant Jim Harris
7
8
9     AARON GERSHFIELD, individually
10
11
      IVOR GERSHFIELD individually and as a
12    director, officer, or controlling person of Cash
      Today, Ltd.; The Heathmill Village,
13    Ltd.; and the Harris Holdings, Ltd.
14
15
16    JOHN DeQ. BRIGGS
      ROBERT GREENBAUM
17    Axinn, Veltrop & Harkrider LLP
      1330 Connecticut Avenue, N.W.
18    Washington, DC 20036
19    Steve L. Morris, Esq.
      Morris Peterson
20    6100 Neil Road, Suite 555
      Reno, NV 89511
21
22    Attorneys for Defendants Cash Today, Ltd., The Heathmill Village, Ltd.,
      Leads Global, Inc., Waterfront Investments, Inc., ACH Cash, Inc.,
23    HBS Services, Inc., Lotus Leads, Inc., Rovinge International, Inc.,
      First4Leads, Inc., The Harris Holdings, Ltd., Aaron Gershfield, and Ivor Gershfield
24
25
26
27
28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on September 16, 2009, I electronically filed the foregoing
**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**
3    **AND OTHER EQUITABLE RELIEF AS TO ALL CORPORATE DEFENDANTS,**
**AARON GERSHFIELD, AND IVOR GERSHFIELD** and **STIPULATED DISMISSAL OF**
4    **JIM HARRIS** with the Clerk of the Court using the CM/ECF System, which will send
notification of such filing to the following:

5

6    John DeQ. Briggs, Esq.
Axinn, Veltrop & Harkrider, LLP
7    1330 Connecticut Avenue, N.W.
Washington, DC 20036
8    (202) 721-5400
jbd@avhlaw.com
9

James K. Kaleigh, Esq.
10   Eric S. Berman, Esq.
Howrey LLP
11   1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
12   (202) 383-6821
kaleighj@howrey.com
13   bermane@howrey.com

14   Steve L. Morris, Esq.
Morris Peterson
15   6100 Neil Road, Suite 555
Reno, NV 89511
16   (702) 474-9400
sm@morrislawgroup.com
17

Pat Lundvall, Esq.
18   Daniel G. Bogden, Esq.
Kimberly H. Albro, Esq.
19   McDonald Carano Wilson LLP
100 W. Liberty Street, 10th Floor
20   Reno, NV 89501
(775) 788-2000
21   dbogden@mcdonaldcarano.com

22

Dated:   September 16, 2009
23

24

25                                         s/Nadine Samter
                                           Nadine Samter
26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350